### JOHN LA FARGE v. JOHN A. PARK.

An action for use and occupation may be sustained upon an implied agreement.

Proceedings under the statute for the summary recovery of possession of demised premises, must be against the person in possession, or claiming the possession; and a landlord, by taking such proceedings, is not precluded from showing a different party to have been, in fact, his lessee, or liable to him under an agreement creating a tenancy.

THE plaintiff purchased of one Voorhis the premises No. 50 Maiden Lane, then in the occupation of Mrs. Leman as a boarding-house. She not paying any rent to plaintiff, he took summary proceedings to remove her. On the trial of those proceedings the defendant was sworn as a witness for her, and testified that he had hired the premises of Voorhis and underlet them to Mrs. L., who was to board him and his apprentices for the rent, and that she had thus paid him all the rent except a balance of five or six dollars, which she then paid to the plaintiff, and the plaintiff was thereupon defeated in those proceedings. He then brought this suit against the defendant for use and occupation.

On the trial the defendant moved for a nonsuit, on the ground that plaintiff was concluded by the summary proceedings, by which he had affirmed Mrs. L. to be his tenant, which motion was denied.

The defendant called Voorhis as a witness, who testified that defendant, in May, 1842, became his agent to let the premises and collect rent for him. Finding difficulty in procuring a tenant, he advertised for one to take the rent out in board, and then, at his solicitation, the defendant went there to board; but he did not let the premises to defendant, nor did he make any agreement personally with Mrs. L.

*The Circuit Judge* then left it to the jury to say whether it was the defendant or Mrs. L. that was the tenant to Voorhis.

*The Counsel for the Defendant* requested the judge to charge that Voorhis, asking the defendant to go and board with Mrs. L., that he, V., might save some rent, did not constitute defendant the tenant of V., which the judge refused to do, but charged the jury that they were at liberty, from the evidence, to imply a conventional relation of landlord and tenant between V. and the defendant; and whether there was such a relation, was, under the circumstances, a question of fact for the jury. To which the defendant excepted.

The defendant requested the judge to charge that the plaintiff was concluded by the summary proceedings; which was refused, and defendant excepted.

And he also requested the judge to charge that the plaintiff was concluded by those proceedings, or, at all events, that they were to be taken as evidence of a high character against him; which was refused, and the defendant excepted.

The jury found a verdict for the plaintiff.

*P. Wilson,* on a bill of exceptions, moved for a new trial, and made the following points:

1. The judge erred in charging that there might be an implied agreement.

2. In refusing to charge that the plaintiff was concluded by the summary proceedings.

3. In refusing to charge that those proceedings were to be taken as evidence of a high character against the plaintiff.

He cited *Bradshaw* v. *Featherstonhaugh* (1 Wend. 134); *Jackson* v. *Sheldon* (5 Cow. 448); *Brown* v. *Betts* (13 Wend. 29); *Rogers* v. *Lynds* (14 id. 172).

*E. Sandford, contra.*

La Farge v. Park.

*The Circuit Judge:* The action for use and occupation is founded, it is true, on the conventional relation of landlord and tenant. But it is not necessary that the agreement should be express. It may be implied. (*Smith* v. *Stewart*, 6 J. R. 46; *Osgood* v. *Dewey*, 13 id. 240; *Abeel* v. *Radcliff*, id. 297.) There could be no error then in charging the jury that an agreement might be implied.

If the statute authorizing the summary proceedings had directed that they should be had only against the person who stood in the conventional relation of tenant to the plaintiff, there would be force in the objection that they would conclude him, for then those proceedings, having been taken against Mrs. Leman, would be inconsistent with the existence of the relation between the parties to this suit, on which alone it can be maintained. But such is not the statute. The summary proceedings *may* be had against the tenant or lessee at will, or at sufferance, or for part of a year, or for one or more years, and the assigns, under tenants or legal representatives of such tenant or lessee (2 R. S. 512, § 28), and they *must* be against the person in possession or claiming the possession (id. §§ 30, 32, 34), so that if the immediate tenant should underlet different parts of the demised premises to several persons for divers terms, the summary proceedings under this statute must be against the persons in possession, and not against the person between whom and the landlord the conventional relation may exist. The whole proceedings aim only at the possession, and are directed solely against him whose immediate occupancy interferes with the landlord's claim.

If in this case there had been a written lease between the plaintiff and defendant, and the defendant had underlet to Mrs. L., so that defendant, as against Mrs. L., had no claim to the possession, the summary proceedings could not have been taken against the defendant, but must have been taken against Mrs. L., because she alone was in possession or claimed the possession. They could not, therefore, be justly regarded as evidence that the plaintiff had elected Mrs. L. as his tenant, and had concluded himself thereby. And that would be even

a stronger case for the defendant than that now under consideration.

If, then, the plaintiff was not concluded by those proceedings, the whole question in the case was one of fact for the jury which it was very proper for me to leave to them, particularly under the conflicting evidence in the case, and whether one part of the evidence was of a higher character than another, was peculiarly the province of the jury to determine. They found that the conventional relation did exist between these parties, and whatever I might think of their finding, I cannot, on that account, on a bill of exceptions, disturb their verdict.

Motion for new trial denied.

## NEW YORK CIRCUIT.
### MARCH 11, 1846.
### Before EDMONDS, Circuit Judge.